UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
LYNICA MORALES, on behalf of herself
and all others similarly situated,

                Plaintiff,                           **MEMORANDUM & ORDER**

               - against -                           15 CV 502 (RJD) (RML)

ROCHDALE VILLAGE INC.,
MARION SCOTT REAL ESTATE, INC.,
MARION SCOTT, and HERBERT FREEDMAN,

                Defendants.
-------------------------------------------------------- x
DEARIE, District Judge

      This is a putative class action alleging violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, *et seq.*, and New York Labor Law ("NYLL") at Rochdale Village, a large cooperative housing development. Defendants have moved to dismiss the complaint for failure to state a claim, pursuant to Rule 12(b)(6). For the reasons discussed below, defendants' motion is denied.

## BACKGROUND

      The following are the facts, as alleged in the complaint.

      Rochdale Village is a cooperative housing development located in Jamaica, Queens, with approximately 5,860 residential units in twenty high-rise buildings, as well as commercial, parking, recreational, and energy facilities. Complaint, ECF No. 1, at ¶¶ 2, 10. Rochdale Village is owned and operated by defendant Rochdale Village Inc. ("Rochdale"). Id. at ¶¶ 1-2, 10. All of Rochdale Village's residential and commercial space is managed by defendant Marion Scott Real Estate, Inc. ("Marion Scott Real Estate"), a real estate management company specializing in

government assisted housing. Id. at ¶¶ 1, 11. Marion Scott Real Estate is co-owned by defendants Marion Scott and Herbert Freedman. Id. at ¶¶ 13-14.

Plaintiff Lynica Morales was employed by Rochdale from May 2011 until October 2014, working in a purchasing position at Rochdale Village from 8:00 a.m. until 5:00 p.m. five days a week at an hourly rate of $22.00 to $24.00. Id. at ¶ 8. She seeks to represent five subclasses of similarly situated current and former hourly paid and non-exempt Rochdale employees ("Hourly Employees") in a class action against defendants for (1) unpaid minimum wage and overtime compensation under the FLSA, (2) nonpayment of straight wages under the NYLL, (3) unpaid overtime under the NYLL, (4) violation of the notice and recordkeeping requirements of the NYLL, and (5) violation of the wage statement provisions of the NYLL. Id. at ¶¶ 1, 55-86. Each subclass is based on a different wage and hour practice employed by defendants that plaintiff alleges operated to deprive Hourly Employees of proper compensation. Id. at ¶¶ 3, 19-30.

Plaintiff uses the week of January 6, 2014, as an example of her individual claims. Id. at ¶ 8. Specifically, plaintiff alleges that (1) on January 9, 2014, she clocked out for her meal break at 12:34 p.m. and clocked back in at 1:24 p.m. (totaling only fifty minutes) but the timekeeping system deducted a full hour, and (2) on January 10, 2014, she clocked in to work at 7:23 a.m. and clocked out at 5:05 p.m., but the timekeeping system rounded these times to her scheduled shift of 8:00 a.m. to 5:00 p.m.[1] Id. Assuming that plaintiff worked her normally scheduled forty hours that week, this would amount to fifty-two minutes of uncompensated overtime work. Plaintiff claims, however, that her average uncompensated overtime was actually much higher, "at least 2.5 – 7.5 hours . . . per week." Id.

---

[1] Contrary to defendants' assertions, the complaint alleges that plaintiff was working during these fifty-two uncompensated minutes. See id. at ¶ 8.

2

Plaintiff alleges that Rochdale, Marion Scott Real Estate, Scott, and Freedman are jointly and severally liable for the above described violations because they are all "employers" under the FLSA and NYLL. Id. at ¶¶ 31-34. To support her claim that Scott and Freedman are individually liable, plaintiff notes that Rochdale and Marion Scott Real Estate are related organizations with common management and ownership, whose compensation policies are "centrally and collectively dictated, controlled, and ratified." Id. at ¶¶ 12, 15. Because Scott and Freedman both hold "a managerial and directorial position at Marion Scott" Real Estate, plaintiff alleges that they have "power to control Rochdale's wage policies, time keeping policies, employee work schedules, and . . . rate of pay," as well as Rochdale's "record-keeping practices." Id. at ¶¶ 15, 32-33. Plaintiff further alleges that both men "ha[ve] the ability and authority to hire, fire[,] and discipline Hourly Employees," "ha[ve] control over the day to day labor operations at Rochdale," and are "involved in the negotiation . . . of certain Hourly Employees' collective bargaining agreements." Id.

## PROCEDURAL HISTORY

Plaintiff initiated this action on February 2, 2015. Id. By motion filed on August 10, 2015, defendants sought to dismiss the complaint for failure to state a claim, pursuant to Rule 12(b)(6), arguing that (1) plaintiff failed to allege a plausible FLSA or NYLL minimum wage claim, (2) plaintiff failed to allege a plausible FLSA or NYLL overtime claim, (3) plaintiff failed to plead facts sufficient for the individual liability of Scott and Freedman, (4) the Court should decline to exercise supplemental jurisdiction over the remaining NYLL claims; and (5) the Court should not grant plaintiff leave to amend the complaint. ECF No. 20. Plaintiff subsequently voluntarily dismissed her individual minimum wage claim under the FLSA and the NYLL. Stipulation, ECF No. 31.

DISCUSSION

To survive a motion to dismiss under Rule 12(b)(6), a "complaint 'must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face.'" Burgis v. New York City Dep't of Sanitation, 798 F.3d 63, 68 (2d Cir. 2015) quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In reviewing the complaint, the Court "'accept[s] as true all well-pleaded allegations . . . and draw[s] all reasonable inferences in plaintiffs' favor.'" Id. (citation omitted).

A. FLSA and NYLL Overtime Claim

"[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013). This requirement "[i]s not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks.'" DeJesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 90 (2d Cir. 2013). Rather, it is "designed to require plaintiffs to provide some factual context that will 'nudge' their claim 'from conceivable to plausible.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Nonetheless, the Second Circuit has "declined to make an approximation of overtime hours a necessity in all cases." Id. at 88 (noting that "[d]etermining whether a plausible claim has been pled is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense") (quoting Lundy, 711 F.3d at 114).

In Anjum v. J.C. Penney Co., Inc., this Court noted that "DeJesus, though not a retreat from Lundy, nevertheless makes clear that Lundy . . . did not impose a requirement of unforgiving mathematical rigor, so long as the plaintiff blends enough specific facts . . . to make plausible the existence of at least one given work week of more than forty hours." No. 13-CV-460 (RJD) (RER), 2014 WL 5090018, at *17 (E.D.N.Y. Oct. 9, 2014). The Court

also distinguished many of the cases cited by defendants in their motion papers by noting that the plaintiffs in those cases "failed to come anywhere close to the standard set forth in Lundy" either by making no specific estimates of uncompensated time or failing to adequately allege their pay. Id. at *18 (citing Bustillos v. Acad. Bus, LLC, No. 13-CV-565 (AJN), 2014 WL 116012, at *3 (S.D.N.Y. Jan. 13, 2014), Boutros v. JTC Painting & Decorating Corp., No. 12-CV-7576 (PAE), 2013 WL 3110943, at *4 (S.D.N.Y. June 19, 2013), and Spiteri v. Russo, No. 12-CV-2780 (MKB) (RLM), 2013 WL 4806960, at *55-56 (E.D.N.Y. Sept. 7, 2013)).

Here, plaintiff provides examples of two improper wage and hour practices that operated together to deprive her of compensation for fifty-two minutes of work during the week of January 6, 2014. Although the Court must infer that plaintiff worked her scheduled forty hours during this week, this inference is not "unduly speculative." Anjum, 2014 WL 5090018 at *17; see also Leon v. Port Washington Union Free School Dist., 49 F. Supp. 3d 353, 357 (E.D.N.Y. 2014) ("[V]arious district courts have denied motions to dismiss where the plaintiff sufficiently alleges that they regularly worked forty hours per week, and are uncompensated for specified overtime work[] performed beyond that.") (collecting cases). Therefore, plaintiff's specific examples from the week of January 6, 2014, combined with her allegations regarding her regularly scheduled forty hour work week, are sufficient to "nudge" plaintiff's overtime claim "from conceivable to plausible."[2] Twombly, 550 U.S. at 570.

B. Individual Liability of Scott and Freedman

An individual may be held liable under the FLSA if he is an "employer," defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29

---

[2] Because the overtime provisions of the NYLL "do not diverge from the requirements of the FLSA," the Court's conclusion applies to plaintiff's NYLL overtime claim, as well. DeJesus, 726 F.3d at 89 n.5.

5

U.S.C. § 203(d). The Second Circuit has adopted an "economic reality" test to determine whether an individual meets this definition. Irizarry v. Catsimatidis, 722 F.3d 99, 104 (2d Cir. 2013). Under this test, courts consider "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Id. at 104-05 (internal quotation marks and citation omitted). Application of these factors—originally laid out in Carter v. Duchess Cmty. College, 735 F.2d 8, 12 (2d Cir. 1984)—"encompasses the totality of circumstances" and no one factor is exclusive. Id. at 106 (quoting Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999)).

Furthermore, in determining whether individual liability is warranted as an "employer" under the FLSA, "the overarching concern is whether the alleged employer possessed the power to control the workers in question." Herman, 172 F.3d at 139. "A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment." Irizarry, 722 F.3d at 110. "Although this does not mean that the individual 'employer' must be responsible for managing plaintiff employees—or, indeed, that he or she must have directly come into contact with the plaintiffs, their workplaces, or their schedules—the relationship between the individual's operational function and the plaintiffs' employment must be closer in degree than simple but-for causation." Id. And while "'[c]ontrol may be restricted, or exercised only occasionally, without removing the employment relationship from the protections of the FLSA,'" evidence merely "that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate 'employer' status." Id. at 109-10 (quoting Herman, 172 F.3d at 139).

Defendants acknowledge that the complaint contains allegations going to the economic reality test, but say that these are all conclusory and the complaint does not contain any allegations that Scott or Freedman had control over the Hourly Employees. The Court disagrees.

Defendants cite, amongst other cases, Tracy v. NVR, Inc., in which the court denied a plaintiff's motion to amend his complaint in an FLSA action to add, as an individual defendant, "the chief human resources officer in an enormous, multi-billion dollar corporation," because "mere boilerplate allegations that an individual meets the various prongs of the economic reality test stated solely upon information and belief and without any supporting details . . . are insufficient to raise plaintiffs' right to relief 'above a speculative level' . . . ." 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) (quoting Twombly, 550 U.S. at 555); see also Tracy v. NVR, Inc., No. 04-CV-6541 (DGL) (MWP), 2009 WL 3153150, at *5 (W.D.N.Y. Sept. 30, 2009) (noting, in the report and recommendation on the same motion, that it is insufficient to "assert[] little more than because [the individual defendants held positions as directors and officers], then each must have had authority to take the actions that comprise the 'economic realities' test"). But subsequent cases have distinguished Tracy where "key allegations with respect to" control were "not made upon information and belief," plaintiff "d[id] more than simply invoke [defendant]'s title," and there was "no reason to question the plausibility of [the] allegations in light of [the company]'s size or number of employees . . . ." Wilk v. VIP Health Care Servs., Inc., No. 10-CV-5530 (ILG) (JMA), 2012 WL 560738, at *9 (E.D.N.Y. Feb. 21, 2012).

Here, plaintiff alleges, upon information and belief, that Freedman and Scott both hold a managerial and directorial position at Marion Scott Real Estate, through which they have control over Rochdale's wage policies, employee work schedules, rate of pay, record-keeping practices, and day-to-day labor operations. Although most of these allegations discuss Freedman and

7

Scott's *authority* over the Hourly Employees, the complaint also alleges that Freedman and Scott *exercise* that authority by, for example, participating in the negotiation of collective bargaining agreements. Furthermore, Rochdale Village is not so large as to make Scott and Freedman's alleged active role implausible. This is a very close call and, certainly, at the summary judgment stage, plaintiff must support these allegations with additional information. The Court finds, however, that plaintiff has sufficiently alleged Scott and Freedman's individual liability as joint employers under the FLSA and NYLL at this stage.[3]

    C.  Supplemental Jurisdiction and Leave to Amend the Complaint

As the Court denies defendants' motion to dismiss, it is unnecessary to reach the remaining issues of supplemental jurisdiction and leave to amend at this stage.

## CONCLUSION

For the reasons stated above, the Court denies defendants' motion to dismiss. Plaintiff has sufficiently pled an overtime claim under the FLSA and NYLL, as well as the individual liability of Scott and Freedman. Therefore, the Court need not reach the issues of supplemental jurisdiction or leave to amend at this stage.


SO ORDERED.

Dated: Brooklyn, New York
       October 23, 2015

                                      /s/ Judge Raymond J. Dearie
                                      _____
                                      RAYMOND J. DEARIE
                                      United States District Judge

---

[3]    Courts in this Circuit apply the same analysis to resolve employer status under both the FLSA and the NYLL. See Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d. 19, 37 (E.D.N.Y. 2015).